Dear Representative Beard:
You requested an Attorney General's opinion regarding the expenditure of funds in parishes affected by Hurricane Katrina. You question whether a parish president has the authority to redirect previously approved line items within the parish council approved budget to projects other than those approved by the council. You also question whether such changes in the expenditures beyond the approved budget require the approval of a majority of the sitting council members.
In response to your first question, the Louisiana Homeland Security and Emergency Assistance and Disaster Act confers certain powers upon the governor and parish presidents in the event of a declared disaster or emergency. The powers of parish presidents are set forth in La. R.S. 29:727, which provides in pertinent part:
 * * * * *
 D. A local disaster or emergency may be declared only by the parish president, except as otherwise provided in this Chapter. In that event, the state of emergency shall continue until the parish president finds that the threat of danger has been dealt with to the extent that emergency conditions no longer exist. The state of emergency may be terminated by executive order or proclamation, but no state of emergency may continue for longer than thirty days unless extended by the parish president. The state of emergency or disaster may be terminated by the governor, a petition signed by a majority of the surviving members of either house of the legislature, or a majority of the surviving members of the parish governing authority. The document terminating the state of emergency or disaster may establish a period during which no other declaration of emergency or disaster may be issued. All executive orders or proclamations issued under this Subsection shall indicate the nature of the *Page 2 
emergency, the area or areas which are or may be affected, and the conditions which brought it about. Any order or proclamation declaring, continuing, or terminating a local disaster or emergency shall be given prompt and general publicity and shall be filed promptly with the office of emergency preparedness and the office of the clerk of court.
 E. Notwithstanding any other provision of this Chapter, when the parish president declares a local disaster or emergency within such subdivision the parish president shall carry out the provisions of this Chapter. Nothing contained herein shall be construed to confer upon the parish president any authority to control or direct the activities of any state agency. When the disaster or emergency is beyond the capabilities of the local government, the parish president shall request assistance from the state office of emergency preparedness. The declaration of a local emergency will serve to activate the response and recovery program of the local government.
 F. In addition to any other powers conferred upon the parish president by the constitution, laws, or by a home rule charter or plan of government, such authority may do any or all of the following:
 * * * * *
 (2) Utilize all available resources of the local government as reasonably necessary to cope with the local disaster or emergency.
The language of the statute is very broad. As can be seen from the above, during a declared disaster or emergency, parish presidents have broad authority to use local government resources to cope with the disaster or emergency. R.S. 29:727(F)(2) allows a parish president to "Utilize all available resources of the local government as reasonably necessary to cope with the local disaster or emergency". There are, however, some limits on the powers of parish presidents under the statute.
Parish presidents may only utilize "available resources". It is the opinion of this office that, all unencumbered parish funds, with the exception of dedicated funds, such as dedicated tax revenues or funds dedicated to the payment of bonds, are "available resources". Regardless of how such undedicated funds are budgeted, they are "available resources" which the parish president may utilize. Another limitation of the parish presidents is that the resources used must be "reasonably necessary to cope with the local disaster or emergency". Whether any actions taken by a parish president under this statute are "reasonably necessary", and whether such actions are taken to cope with the disaster or emergency, are factual determinations which must be made on a case by case basis. *Page 3 
It is the opinion of our office that, parish presidents in hurricane affected parishes have the authority under R.S.29:727(F)(2), during a declared disaster or emergency, to use parish funds as reasonably necessary to cope with the disaster or emergency even if those funds are budgeted for other purposes.
To answer your second question, there is no requirement in the statute that expenditures made by the parish president in coping with the disaster or emergency must be approved by the parish council. The only limitations on the authority of the parish presidents, as stated above, are that they may only utilize available resources, and that the use of such resources must be reasonably necessary to cope with the disaster or emergency. It should be noted that, although the parish president can utilize available resources without the approval of the parish council during a declared disaster or emergency, the council does have the authority to terminate the disaster or emergency declaration, and thereby stop the parish president from exercising his powers under La. R.S. 29:727.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ KENNETH L. ROCHE, III Assistant Attorney General